William Kevorko
vs. } No. 87199.
Aleksander Vaitkunas

March 11, 1933.

CHURCHILL, J. Heard on motion to strike out plea in abatement.

Plaintiff brought scire facias against

defendant. The return day of the writ was October 6, 1931. The return of service shows an attachment of real estate was made on September 16th, 1931, and that service of the writ upon the defendant was made on September 18, 1931, by leaving an attested copy with some person living at the last and usual place of abode of the defendant.

Defendant sets up by his plea to the jurisdiction that the statute providing for service in such action has not been complied with by reason of the fact that the return day of the writ is less than twenty days after the writ was served on the defendant.

Chap. 375, Sec. 7, General Laws, 1923, provides that the writ in such case shall be "returnable to the said Court * * * not less than twenty nor more than sixty days after such writ shall be served," etc.

Chap. 350, Sec. 12, General Laws 1923, of Service of Writs of Attachment, provides for the steps to be taken to attach real estate and then provides that the writ shall be served by leaving an attested copy with the defendant personally, or with some person living at his last and usual place of abode.

In *Remington & Sykes* vs. *Benoit*, 19 R. I. 698 at 700, the Supreme Court indicated that personal service on the defendant was required to make the service complete.

The general rule seems to be that the writ of attachment is not constituted a substitute for such personal service.

2 R. C. L. 58, p. 847.

Under this construction the service was not in accordance with the statutory requirement in respect to time.

Plaintiff argues that a general appearance having been entered, the right to question jurisdiction was waived.

Appearance for the defendant was entered as the same document and at the same time as the plea to the jurisdiction. The appearance being thus coupled with a plea to the jurisdiction, there was no waiver of the right to plead to the jurisdiction.

*Gorman* vs. *Stillman*, 25 R. I. 55.

The motion to dismiss is denied.

For plaintiff: Jasper Rustigian.

For defendant: Arthur L. Conaty.